ALBANY,
October, 1824.

Jackson
v.
Travis.

JACKSON, *ex dem.* SMITH, *against* STILES, COMBS & GARRI-
SON, tenants.

*Where 2 de-
fendants are
sued jointly in
ejectment,
they have no
right to enter
into separate
consent rules
in the name of
each alone.*

A DECLARATION having been served on *Combs & Garrison,*
the notice from the casual ejector being directed to them joint-
ly, they separately retained an attorney to appear, and he ten-
dered separate consent rules to the attorney for the plaintiff,
which mentioned one defendant only as being made defen-
dant, without stating that he was impleaded with the other.
The plaintiff's attorney refused to accept such a consent
rule, and took a default, which

*J. Maynard,* now moved to set aside for irregularity.

*A. Gibbs,* contra.

*Curia.* The plaintiff is regular. The consent rule should
have been in the name of both defendants.

Motion denied.

JACKSON, *ex dem.* PALMER and others, *against* TRAVIS.

*Several de-
mises added
in eject-
ment on pay-
ment of costs,
it appearing
that the lessors
sought to be
added had a
subsisting le-
gal title.*

L. H. PALMER, for the plaintiff, moved to amend the dec-
laration, by adding demises from several lessors. The attor-
ney for the plaintiff made an affidavit, on which the motion
was founded, " that he is informed, and believes, that the ti-
tle to one third of the premises in question had been vested
in the lessors sought to be added, for the recovery of which
premises it became necessary to add demises from them."

This was opposed by an affidavit on the part of the defen-
dant, that the plaintiff's attorney had acknowledged that the
claim of the lessors (who were sought to be added) was mere-
ly under a deed of trust, for the benefit of the present les-
sors, and that he believed that, as to all of them except one,
they had not assented to the use of their names as lessors;
that from conversations with the plaintiff's attorney, he en-